IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL VANSCODER,<br><br>Plaintiff,<br><br>v.<br><br>DONALD VALENZA and<br>COMMANDER MOORE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:26-CV-330-WKW<br>[WO] |

**ORDER**

On April 30, 2026, a *pro se* 42 U.S.C. § 1983 complaint filed by 32 inmates detained at the Houston County Jail, including Plaintiff Michael Vanscoder, was received by the court and docketed. *See McDaniel v. Valenza*, 1:26-cv-306-RAH-JTA (M.D. Ala. docketed Apr. 30, 2026), Doc. # 1. On May 4, 2026, an Order was issued, directing that separate civil actions be opened for 31 of the 32 plaintiffs. *Id.*, Doc. # 2 ("May 4 Order"). In accordance with the May 4 Order, this action was opened.

After this action was opened, Plaintiff filed an application for leave to proceed *in forma pauperis* (Doc. # 4), which was granted on May 28, 2026 (Doc. # 6 ("May 28 Order")). The May 28 Order granting Plaintiff's *in forma pauperis* application stated that "Plaintiff must inform the court and Defendants (or, if represented,

Defendants' counsel) of any change in his address within 14 days following a change of address." (Doc. # 6 at 4.)

On August 19, 2026, service of the complaint was ordered on Defendants. (Doc. # 8.) In response to the complaint, Defendants filed a joint motion to dismiss and brief in support on September 11, 2026. (Docs. # 14, 15.) By Order dated September 14, 2026, Plaintiff was directed to file a response to Defendants' motion to dismiss. (Doc. # 19 ("September 14 Order").) The September 14 Order set a deadline of October 5, 2026, for Plaintiff to file a response and expressly cautioned him that his failure to comply would result in dismissal. (Doc. # 19.) On September 30, 2026, mail set to Plaintiff containing the September 14 Order was returned to the court as undeliverable with the notation, "RTS [Return to Sender] Not Here." (Doc. # 20.)

To date, Plaintiff has failed to comply with the May 28 Order. Because 14 days have passed since mail sent to Plaintiff was returned as undeliverable, and he has not provided an updated address, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, 146 S. Ct. 2622 (2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to

prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the May 28 Order, despite its express directives and warnings, this action will be dismissed without prejudice. No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice. Final judgment will be entered separately.

It is further ORDERED that Defendants' Joint Motion to Dismiss (Doc. # 14) is DENIED as moot.

DONE this 15th day of October, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE